Harold **WALKER**, Plaintiff—Appellant,

v.

**FRESNO POLICE DEPARTMENT;**
et al., Defendants—Appellees.

No. 06–15929.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Sept. 27, 2007.

Harold Walker, Soledad, CA, pro se.

Benjamin L. Ratliff, Esq., Weakley & Ratliff, Arendt & McGuire, LLP, Fresno, CA, for Defendants–Appellees.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Harold Walker, a California state prisoner, appeals pro se from the district court's summary judgment for defendants in Walker's 42 U.S.C. § 1983 action alleging City of Fresno police officers violated his Fourth Amendment rights when they entered a house without a warrant, used excessive force to detain and arrest him, and did not arrange for him to see a medical doctor for injuries he suffered. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Scheuring v. Traylor Bros., Inc.*, 476 F.3d 781, 784 (9th Cir.2007), and we affirm.

The district court properly determined that Walker's warrantless entry and excessive force claims were *Heck*-barred because they necessarily called into question the validity of his jury convictions for two counts of violating California Penal Code section 148(a)(1) (resisting, delaying, or obstructing a police officer), and Walker failed to demonstrate that his convictions had been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Smith v. City of Hemet*, 394 F.3d 689, 699 n. 5 (9th Cir.2005) (en banc) ("[A] jury's verdict necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would necessarily imply the invalidity of [a] conviction [under Cal.Penal Code § 148(a)(1) ].") (internal quotation marks and citation omitted).

The district court properly granted summary judgment to defendants on Walker's claim of post-arrest inadequate medical attention because it is undisputed that Fresno police officers took Walker to a hospital

emergency room soon after they arrested him and Walker did not establish that defendants' actions otherwise delayed or deprived him of adequate care. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1098–99 (9th Cir.2006) (requiring police officers to promptly seek necessary medical attention, by either summoning medical help or taking the injured detainee to a hospital, when a detainee has been injured while being apprehended).

We deny all pending motions.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

